*Twenty-sixth Judicial District.*

## In the Court of Common Pleas of Wyoming County.

## INGHAM *v.* SICKLER *et ux.*

1. The record shows no cause of action against the wife.

2. To make a married woman liable on her contract, it must be alleged and proved that the debt was for necessaries for herself and family, otherwise judgment is void, and would not make her estate liable.

3. Proof necessary, and liability of married women under proviso to 8th section of the act of 1848.

4. Judgment by default against husband and wife on joint note cannot be sustained.

5. Justices of the peace have no jurisdiction to enter judgment against a married woman only in cases for necessaries for herself and family, and the improvement of her estate.

6. Want of jurisdiction may be taken advantage of at any stage of proceedings.

7. The twenty days' limitation for certiorari, not applicable when the record shows that the justice had no jurisdiction. Offerman *v.* Downey, 2; Lacock *v.* White, 7 Harris 498 followed:

8. A married woman has the right to attack a judgment for want of jurisdiction, at any time.

**Certiorari.**

Opinion by

ELWELL, P. J.    The demand of the plaintiff as shown by the record returned by the justice, was a note or due bill, signed by the defendants, who are husband and wife.    Judgment was rendered by default, without evidence of any kind being given upon a hearing.

The record shows that the plaintiff had no cause of action against the wife.    A declaration, alleging a joint liability of a wife with a husband is bad.    Aitkin and Wife *v.* Proctor, 6 Phila. Rep. 580.

In order to make a married woman liable upon her contract, it must not only be alleged, but proved, that the debt was contracted by *her* for necessaries for the support of herself and family.    Murray *v.* Keyes, 11 Casey 384; Parker *v.* Kleeber, 1 Wright 251; Neiman *v.* Rigoney, 1 Legal Chronicle 81.

The *proviso* to the 8th section of the act of 1848, contains a positive prohibition against entering a judgment against a married woman, unless proof shall be made that the debt was contracted by her, and was of a character to make her estate liable, to wit : for necessaries for the family, or as now held, the improvement of her estate.    A judgment against a married woman which does not show on its face the grounds of her liability, is void.    Her confession of judgment in open court upon a void contract would be invalid, and a sale of her property upon an execution issued thereon would confer no title on the purchaser.    Swayne *v.* Lyon, 16 P. F. Smith 436.

If a judgment by default upon a joint contract of husband and wife can be sustained, the act of 1848 is a delusion and a snare.

The contract may have been made by compulsion, and the wife detained from appearing to answer a summons by force, and yet, if the judgment is not void, her estate may be swept away without the allegation of a single fact which in law would make it liable, and without a word of proof which would sustain the claim. *It is high time that business men, and particularly justices of the peace, learned that married women are not liable upon bonds, notes, or any other obligation, simply because of their signature thereto.*

Justices of the peace have no jurisdiction to render judgment against a married woman upon a contract, except in cases where the claim is of the character stated in the proviso before mentioned, nor in those cases, unless proof is made as thereby required. The fact that such proof was made will not be presumed, but must be shown by the record. Want of jurisdiction may be taken advantage of at any step of the proceedings. Stiles *v.* Jeffries, 8 Phila. Rep. 303.

The twenty days' limitation in regard to the writ of certiorari, does not apply where the record shows on its face that the justice had no jurisdiction. Offerman *v.* Downey, 2 Wh. Dig. 134, pl. 278; Lacock *v.* White, 7 Harris 498; 1 Legal Register 6.

The cases of Dailey *v.* Bartholomew, 1 Ash. 135, and Stedman *v.* Bradford, 3 Phila. 258, do not apply to the case of a married woman; she may have notice of a judgment against her and her husband, void as to her, and not be permitted to take legal remedy. In order to protect her rights, she must be allowed to attack a judgment on the ground of want of jurisdiction, at any time.

The judgment in this case, so far as appears, is founded upon a just claim against her husband, and if we could reverse as to the wife alone, we would willingly do so.

If the case were pending here as an appeal, and a plea of coverture was interposed by the wife, the plea being personal to her, we might, under the statutes of amendments allow her name to be stricken from the record, and permit the plaintiff to proceed to judgment against the husband. But where there is a joint judgment it cannot be affirmed as to one and reversed as to the other. Boaz *v.* Heister, 6 S. & R. 18.

The object of joining the wife in the note and in the suit was undoubtedly to reach the property of the wife. Perhaps the original cause of action of the plaintiff was such as would hold the separate estate of the wife. If so, he made a mistake in putting it in such form as to indicate the contrary.

By obtaining an illegal judgment against the wife, an error has been committed which cannot be corrected in any other way than to reverse the entire proceedings.

Judgment reversed.

*F. C.* and *R. P. Ross*, Esqrs., for plaintiff; *Wm. M.* and *Jas. W. Piatt*, Esqrs., for defendants.